**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Roers Management, Inc.<br><br>    Plaintiff,<br><br> v.<br><br>Roers Companies, LLC,<br>Roers Investments, LLC, and<br>Roers Group, LLC,<br><br>    Defendants | 3:20-cv-00228-PDW-ARS<br><br><br>**ANSWER, AFFIRMATIVE DEFENSES,<br>AND COUNTERCLAIMS** |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Roers Companies, LLC, Roers Investments, LLC, and Roers Group, LLC (collectively, "Roers Companies"), by and through their counsel of record, and for their Answer, Affirmative Defenses, and Counterclaims to Roers Management, Inc.'s ("Roers Management") Complaint, hereby state and allege the following:

**GENERAL DENIAL**

Roers Companies denies each and every allegation, matter, or thing contained in Roers Management's Complaint unless expressly admitted, qualified, or answered herein.

**THE PARTIES**

1.      Roers Companies lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Roers Management's Complaint, and therefore denies them.

2.      Roers Companies admits that Roers Companies, LLC is a Minnesota limited liability company with its principal place of business at 110 Cheshire Lane, Suite 120, Minnetonka,

1

Minnesota 55305. Roers Companies admits that Roers Companies LLC is registered to do business, and conducts business, in North Dakota, and has a commercial registered agent in North Dakota.

3.      Roers Companies admits that Roers Investments, LLC is a Minnesota limited liability company with its principal place of business at 110 Cheshire Lane, Suite 120, Minnetonka, Minnesota 55305. Roers Companies admits that Roers Companies LLC is registered to do business, and conducts business, in North Dakota, and has a commercial registered agent in North Dakota.

4.      Roers Companies admits that Roers Group, LLC is a Minnesota limited liability company with its principal place of business at 110 Cheshire Lane, Suite 120, Minnetonka, Minnesota 55305. Roers Companies admits that Roers Companies LLC is registered to do business, and conducts business, in North Dakota, and has a commercial registered agent in North Dakota.

**<u>JURISDICTION AND VENUE</u>**

5.      For purposes of this action only, Roers Companies admits this Court has subject matter jurisdiction over the claims alleged. Roers Companies specifically denies that Roers Management is entitled to any relief as alleged.

6.      For purposes of this action only, Roers Companies admits they are subject to personal jurisdiction in this Court. Roers Companies denies the remaining allegations set forth in Paragraph 6 of Roers Management's Complaint and specifically denies that Roers Management is entitled to any relief as alleged.

7.      For purposes of this action only, Roers Companies admits that venue is proper in this District. Roers Companies denies the remaining allegations set forth in Paragraph 7 of Roers

Management's Complaint, and specifically denies that Roers Management is entitled to any relief as alleged.

## ALLEGED FACTS

8.      Roers Companies denies that Roers Management owns longstanding rights in the service mark ROERS. Roers Companies lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of Roers Management's Complaint, and therefore denies them.

9.      Roers Companies lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of Roers Management's Complaint, and therefore denies them.

10.     Roers Companies lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Roers Management's Complaint, and therefore denies them.

11.     Roers Companies denies that Roers Management completed the construction of The Cape at Savona Point, Cape Coral, Florida. Roers Companies lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of Roers Management's Complaint, and therefore denies them.

12.     Roers Companies lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of Roers Management's Complaint, and therefore denies them.

13.     Roers Companies lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of Roers Management's Complaint, and therefore denies them.

14.    Roers Companies admits that Roers Management operates a Facebook account under the username "@RoersCompaniesND"—a practice that began after Roers Companies began using "@roerscompanies" and the ROERS COMPANIES tradename and service mark at the URL https://www.facebook.com/Roerscompanies/. Roers Companies denies the remaining allegations set forth in Paragraph 14 of Roers Management's Complaint.

15.    Roers Companies denies the allegations set forth in Paragraph 15 of Roers Management's Complaint.

16.    Roers Companies lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of Roers Management's Complaint, and therefore denies them.

17.    Roers Companies denies the allegations set forth in Paragraph 17 of Roers Management's Complaint.

18.    Roers Companies denies the allegations set forth in Paragraph 18 of Roers Management's Complaint.

19.    Roers Companies lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of Roers Management's Complaint regarding Roers Management's alleged trademark application for ROERS BUILDING SUCCESS, and therefore denies the same. The referenced **Exhibit A** is not attached to the Complaint. Paragraph 19 of Roers Management's Complaint also sets forth legal assertions to which no response is required. To the extent that a response to such assertions is required, Roers Companies lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of Roers Management's Complaint, and therefore denies them.

20.    Roers Companies admits that they are owned and/or managed by Kent and Brian Roers. The remaining allegations of Paragraph 20 of Roers Management's Complaint set forth legal assertions to which no response is required. To the extent that a response is required, Roers Companies lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of Roers Management's Complaint, and therefore denies them.

21.    Roers Companies admits that on November 29, 2004 Roers Group, LLC was registered with the Minnesota Secretary of State. Roers Companies denies the remaining allegations of Paragraph 21 of Roers Management's Complaint.

22.    Roers Companies admits that on February 8, 2012, Roers Investments, LLC was registered with the Minnesota Secretary of State. Roers Companies admits that on August 22, 2012, Roers Investments, LLC was registered with the North Dakota Secretary of State. Roers Companies denies the remaining allegations of Paragraph 22 of Roers Management's Complaint.

23.    Roers Companies denies the allegations set forth in Paragraph 23 of Roers Management's Complaint. Roers Companies admits that Kent Roers spoke to Jim Roers in or around 2013 about Kent and Brian Roers' business plans. Neither Jim Roers nor any member of his immediate family helped Kent or Brian Roers with their business ventures. To the contrary, Roers family members—including Shane Roers—have been instructed not to help Kent or Brian Roers.

24.    Roers Companies denies the allegations set forth in Paragraph 24 of Roers Management's Complaint.

25.    Roers Companies admits to use of the tradename and service mark BISON MANAGEMENT TEAM and BISON MANAGEMENT. Roers Companies denies the remaining allegations of Paragraph 25 of Roers Management's Complaint.

26.    Roers Companies admits to use of the tradename and service mark CORE LIVING. Roers Companies denies the remaining allegations of Paragraph 26 of Roers Management's Complaint.

27.    Roers Companies admits that on November 3, 2016, Roers Companies, LLC was registered with the Minnesota Secretary of State. Roers Companies admits that on February 28, 2018, the trade name ROERS COMPANIES was registered with the Minnesota Secretary of State. Roers Companies admits that on March 3, 2019, Roers Companies, LLC was registered with the North Dakota Secretary of State. Roers Companies admits that on April 17, 2019, the trade name ROERS COMPANIES was registered with the North Dakota Secretary of State. Roers Companies denies the remaining allegations of Paragraph 27 of Roers Management's Complaint.

28.    Roers Companies admits to use of the ROERS COMPANIES tradename and service mark prior to and after January 2018. Roers Companies denies the remaining allegations of Paragraph 28 of Roers Management's Complaint.

29.    Roers Companies admits that Kent Roers spoke to Jim Roers in or around June 2019. Roers Companies denies the remaining allegations set forth in Paragraph 29 of Roers Management's Complaint.

30.    Roers Companies admits to use of the tradename and service mark ROERS COMPANIES in connection with its services. The remaining allegations of Paragraph 30 of Roers Management's Complaint set forth legal assertions to which no response is required. To the extent that a response to such assertions is required, Roers Companies lacks knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of Roers Management's Complaint, and therefore denies them.

31.    Roers Companies admits to use of the tradename and service mark ROERS COMPANIES in connection with its services. Roers Companies denies the remaining allegations set forth in Paragraph 31 of Roers Management's Complaint.

32.    Roers Companies denies the allegations set forth in Paragraph 32 of Roers Management's Complaint.

33.    Roers Companies admits that on June 19, 2019, Roers Management filed a trademark application with the USPTO to register ROERS in connection with goods and services offered in International Classes 35, 36, and 37.

34.    Roers Companies admits that Roers Management's ROERS trademark application published for opposition on April 21, 2020.

35.    Roers Companies admits that on May 5, 2020, Roers Companies filed a Notice of Opposition regarding Roers Management's ROERS trademark application—Opposition No. 91255633.

36.    Roers Companies denies the allegations set forth in Paragraph 36 of Roers Management's Complaint.

37.    Roers Companies denies the allegations set forth in Paragraph 37 of Roers Management's Complaint.

38.    Roers Companies denies the allegations set forth in Paragraph 38 of Roers Management's Complaint.

39.    Roers Companies denies the allegations set forth in Paragraph 39 of Roers Management's Complaint.

## COUNT I

40.     Roers Companies incorporates by reference its responses to Paragraphs 1 through 39.

41.     Roers Companies denies the allegations set forth in Paragraph 41 of Roers Management's Complaint.

42.     Roers Companies denies the allegations set forth in Paragraph 42 of Roers Management's Complaint.

## COUNT II

43.     Roers Companies incorporates by reference its responses to Paragraphs 1 through 42.

44.     Roers Companies denies the allegations set forth in Paragraph 44 of Roers Management's Complaint.

45.     Roers Companies denies the allegations set forth in Paragraph 45 of Roers Management's Complaint.

## COUNT III

46.     Roers Companies incorporates by reference its responses to Paragraphs 1 through 45.

47.     Roers Companies admits that Roers Management, Inc. is listed as the owner of a North Dakota state trademark for the mark ROERS in connection with "real estate services, property management, land development services, construction consultation, [and] construction services." (SOS Control ID# 0002834763). The remaining allegations of Paragraph 47 of Roers Management's Complaint set forth legal assertions to which no response is required. To the extent that a response to such assertions is required, Roers Companies lacks knowledge or information

8

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of Roers Management's Complaint, and therefore denies them.

48.    Roers Companies denies the allegations set forth in Paragraph 48 of Roers Management's Complaint.

49.    Roers Companies denies the allegations set forth in Paragraph 49 of Roers Management's Complaint.

50.    Roers Companies denies the allegations set forth in Paragraph 50 of Roers Management's Complaint.

51.    Roers Companies denies the allegations set forth in Paragraph 51 of Roers Management's Complaint.

52.    Roers Companies denies the allegations set forth in Paragraph 52 of Roers Management's Complaint.

## COUNT IV

53.    Roers Companies incorporates by reference its responses to Paragraphs 1 through 52.

54.    Roers Companies denies the allegations set forth in Paragraph 54 of Roers Management's Complaint.

55.    Roers Companies denies the allegations set forth in Paragraph 55 of Roers Management's Complaint.

## PRAYER FOR RELIEF

A.    Roers Companies denies that Roers Management is entitled to the relief sought in its Complaint.

(1)    Roers Companies denies that Roers Management is entitled to the relief sought in its Complaint.

(2)    Roers Companies denies that Roers Management is entitled to the relief sought in its Complaint.

B.    Roers Companies denies that Roers Management is entitled to the relief sought in its Complaint.

C.    Roers Companies denies that Roers Management is entitled to the relief sought in its Complaint.

D.    Roers Companies denies that Roers Management is entitled to the relief sought in its Complaint.

E.    Roers Companies denies that Roers Management is entitled to the relief sought in its Complaint.

F.    Roers Companies denies that Roers Management is entitled to the relief sought in its Complaint.

G.    Roers Companies denies that Roers Management is entitled to the relief sought in its Complaint.

H.    Roers Companies denies that Roers Management is entitled to the relief sought in its Complaint.

## AFFIRMATIVE DEFENSES

Further answering Roers Management's Complaint, Roers Companies asserts the following affirmative defenses. Roers Companies reserves the right to amend this answer to include additional affirmative defenses as additional information is obtained or becomes available.

## First Affirmative Defense

56.    Roers Management fails to state a claim for which relief can be granted.

## Second Affirmative Defense

57.    Roers Management's claims are barred, in whole or in part, to the extent that the alleged unlawful or infringing use of the marks at issue was authorized by the persons or entities with the right to authorize such use pursuant to 15 U.S.C. § 1115(b)(3).

## Third Affirmative Defense

58.    Roers Management's claims are barred, in whole or in part, to the extent that the alleged unlawful or infringing use of the marks at issue involves the use of Kent and Brian Roers' individual names in their own business pursuant to 15 U.S.C. § 1115(b)(4).

## Fourth Affirmative Defense

59.    Roers Management's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

## Fifth Affirmative Defense

60.    Roers Management's claims are barred, in whole or in part, by the doctrine of acquiescence.

## Sixth Affirmative Defense

61.    Roers Management's claims are barred, in whole or in part, by the doctrine of unclean hands.

## Seventh Affirmative Defense

62.    Roers Management's claims are barred, in whole or in part, under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

11

**Eighth Affirmative Defense**

63.    Roers Management's claims are barred, in whole or in part, to the extent that Roers Companies had an implied license for their use.

**Ninth Affirmative Defense**

64.    There is no likelihood of confusion, mistake, or deception as to source, sponsorship, or affiliation of the parties' services.

**Tenth Affirmative Defense**

65.    Roers Companies have not infringed, contributed to the infringement of, or actively induced others to infringe, Roers Management's mark under the Lanham Act or applicable state law.

**Eleventh Affirmative Defense**

66.    Roers Management has not been, nor is likely to be, injured by the conduct of Roers Companies complained of in the Complaint.

**Twelfth Affirmative Defense**

67.    Roers Management is not entitled to injunctive relief because any alleged injury to Roers Management is not immediate or irreparable, Roers Management has an adequate remedy at law, and the equities balance in favor of denying Roers Management's request for equitable relief.

**Thirteenth Affirmative Defense**

68.    Roers Management has not demonstrated and cannot demonstrate any actual pecuniary loss or damage as a result of Roers Companies' activities.

### Fourteenth Affirmative Defense

69.    Roers Management cannot recover its alleged damages because Roers Management cannot demonstrate that its purported damages were caused by Roers Companies' alleged use of Roers Management's mark and that consumers were actually confused or deceived as a result of Roers Companies' conduct.

### Fifteenth Affirmative Defense

70.    Roers Companies have not, directly or indirectly, willfully or innocently, used a false designation of origin in connection with the marketing, sale, or promotion of any of their products.

### Sixteenth Affirmative Defense

71.    At all times, Roers Companies had, and continue to have, a reasonable, good faith belief that they have the legal right to promote their services using their marks.

### Seventeenth Affirmative Defense

72.    Roers Management does not own registered trademark rights in "Roers Companies," "Roers Investments," or "Roers Group."

### Eighteenth Affirmative Defense

73.    Roers Management does not own any common law rights in "Roers Companies," "Roers Investments," or "Roers Group."

### Nineteenth Affirmative Defense

74.    Roers Companies have prior rights in the "Roers Companies," "Roers Investments," and "Roers Group" marks.

**Twentieth Affirmative Defense**

75.    Without admitting that Roers Management's Complaint states a viable claim for relief, any remedies are limited to the extent that an overlapping or duplicative recovery is sought pursuant to the various claims for any alleged single wrong.

**COUNTERCLAIMS**

Roers Companies, for their Counterclaims against Roers Management state and allege as follows:

1.    For over 15 years, brothers Kent and Brian Roers have offered rental services, land development services, and real estate development services under the ROERS name and designation. Operating under the tradename and service mark ROERS COMPANIES, Roers Companies is, today, a full-service real estate development company that provides a transformative approach to property development by providing a wide array of senior, student, market-rate, mixed use, and affordable developments in Minnesota and across the Midwest.

2.    Roers Companies maintains two subsidiaries: (1) Roers Investments, LLC—through which Roers Companies provides real estate development and investment services; and (2) Roers Group, LLC—whose principals include Kent and Brian Roers. Together, Roers Companies and its subsidiaries and affiliates provide real estate-related services under the ROERS and ROERS COMPANIES marks throughout the Midwest, including in Minnesota, Wisconsin, Iowa, North Dakota, South Dakota, and Montana.

3.    Roers Management falsely asserts violations of the Lanham Act, trademark infringement under North Dakota law, and unfair competition. Contrary to Roers Management's representations, Roers Companies has not violated rights or infringed any of Roers Management's alleged trademarks, nor has Roers Companies unfairly competed with Roers Management.

4. Roers Management wrongfully attempted to procure a trademark registration for ROERS from the United States Patent and Trademark Office ("USPTO"). Roers Management also infringed and continues to infringe Roers Companies' rights in the ROERS COMPANIES tradename and service mark. These counterclaims are brought to prevent any further infringement of Roers Companies' rights in the ROERS COMPANIES tradename and service mark and to compensate Roers Companies for the harm caused by Roers Management's actions.

<b><u>PARTIES</u></b>

5. Roers Companies, LLC is a limited liability company organized under the laws of Minnesota, with its principal place of business at 110 Cheshire Lane, Suite 120, Minnetonka, Minnesota 55305.

6. Roers Investments, LLC is a limited liability company organized under the laws of Minnesota, 110 Cheshire Lane, Suite 120, Minnetonka, Minnesota 55305.

7. Roers Group, LLC is a limited liability company organized under the laws of Minnesota, 110 Cheshire Lane, Suite 120, Minnetonka, Minnesota 55305.

8. Roers Companies, LLC, Roers Investments, LLC, and Roers Group, LLC use and have used the ROERS and ROERS COMPANIES mark in connection with, *inter alia,* its real estate development services.

9. Upon information and belief, Roers Management, Inc. is a corporation organized and existing under the laws of North Dakota with its principal place of business at 200 45th Street South Fargo, North Dakota 58103.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action because Roers Companies' Lanham Act claims arise under federal statute, pursuant to 28 U.S.C. §§ 1331 and 1338.

11. Roers Management consented to the personal jurisdiction of this Court by commencing its action in this District, as set forth in its Complaint.

12. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1)–(3). Upon information and belief, Roers Management conducts business in this district, and the wrongful actions complained of herein have taken place and are continuing to take place in this district. Roers Management has also consented that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 by filing its action in this District.

## FACTS COMMON TO ALL COUNTS

13. Rooted firmly in Minneapolis, Minnesota, Roers Companies' commitment to providing diverse multi-family housing options throughout the Midwest is reflected by numerous completed and ongoing development projects throughout the Midwest.

14. Roers Companies has completed over $835 million in construction, and raised over $245 million in equity through individual investors for projects including senior living, market rate, mixed use, and student housing throughout the Midwest.

15. Roers Companies' property portfolio consists of over 4,000 units throughout the Midwest, including in Minnesota, Iowa, Wisconsin, North Dakota, South Dakota, and Montana. Roers Management, by contrast, owns approximately one-fourth this number of residential properties. Roers Companies continues to expand its footprint.

16.     Roers Companies—and brothers Kent and Brian Roers—have received numerous accolades for their work. A non-exhaustive list of recent accolades includes:

- Roers Companies Ranked #3 on Minneapolis/St. Paul Business Journal's Top Developer List for 2020

- Roers Companies Ranked #5 as Minneapolis/St. Paul Business Journal's Top Developer List for 2019

- Roers Companies Ranked #17 as Minneapolis/St. Paul Business Journal's Top Developer List for 2018

- Roers Companies earns #33 spot in Minneapolis/St. Paul Business Journal Fast 50 list of fastest-growing metro businesses (2020)

- Kent Roers Named to Twin Cities Business' List of 100 People to Know in 2021

- Brian Roers Named Minneapolis/St. Paul 40 Under 40 Honoree in 2018

17.     The origin of Roers Companies dates to 2004, when Kent and Brian Roers began purchasing and selling renovated or flipped homes, offering rental leasing, and property management services. Since 2004, Roers Companies have used the ROERS name and designation in connection with real estate-related services.

18.     Roers Companies has used the ROERS COMPANIES tradename and service marks in a variety of commercial settings since at least as early as 2017.

- Roers Companies owns and operates a website at the domain name https://www.roerscompanies.com. Roers' Companies website uses the tradename and service mark ROERS COMPANIES and the Roers Companies' logo.

- Roers Companies owns and operates a Facebook account under the ROERS COMPANIES tradename and service mark at the URL https://www.facebook.com/Roerscompanies/

- Roers Companies owns and operates a YouTube channel under the ROERS COMPANIES tradename and service mark at the URL https://www.youtube.com/channel/UCLr10YrrXlkeZC_42krM94w

17

- Roers Companies owns and operates a LinkedIn page under the ROERS COMPANIES tradename and service mark at the URL https://www.linkedin.com/company/roers-companies/

- Roers Companies represents itself as Roers Companies on Google My Business.

19.     Roers Management is fully aware of Roers Companies' comparative success. Roers Management has done business with one of the Roers Companies entities in the past.

20.     Roers Management had notice of Roers Companies' use of the ROERS COMPANIES tradename and service mark long before the filing of its Complaint or attempt to register the ROERS mark as its own. Roers Management has received numerous communications from Roers Companies over the years, including email communications from Kent and Brian Roers, under the ROERS COMPANIES tradename, service mark, and logo. Roers Management even asked Roers Companies whether it could build properties for Roers Companies.

21.     Notwithstanding its knowledge of Roers Companies' use of the ROERS COMPANIES tradename and service mark, Roers Management began using ROERS COMPANIES in an apparent effort to trade on Roers Companies' substantial goodwill in ROERS COMPANIES. By way of non-limiting examples, in or around December 2018, Roers Management began referring to itself as "Roers Companies" on LinkedIn. Roers Management also began using the Facebook username "@RoersCompaniesND" and representing itself as "Roers Companies" on Google My Business. Roers Management's Complaint is just the latest attempt to trade on Roers Companies' success.

# COUNT I
## TRADEMARK INFRINGEMENT
### 15 U.S.C. §1125(a)
### (ROERS COMPANIES)

22.    The forgoing allegations in paragraphs 1 through 21 are incorporated herein and alleged as if fully set forth in this claim for trademark infringement pursuant to 15 U.S.C. § 1125(a).

23.    Roers Companies owns trademark rights in ROERS COMPANIES, which it has obtained through extensive and continuous promotion of its products and services under the mark.

24.    The ROERS COMPANIES mark is entitled to protection under the Lanham Act. Since at least as early as 2017, Roers Companies has continuously used the mark ROERS COMPANIES in commerce to identify its goods and services and to distinguish them from those provided by others. Roers Companies extensively and continuously promoted and used the ROERS COMPANIES mark throughout the Midwest, including in Minnesota, Iowa, Wisconsin, North Dakota, South Dakota, and Montana. Through this extensive and continuous use, the ROERS COMPANIES mark has become distinctive and a well-known indicator of the origin and quality of Roers Companies' products and services.

25.    Roers Management's use of the ROERS COMPANIES mark is likely to cause confusion or to deceive customers or potential customers of the origin of the goods and services.

26.    Roers Management's use of the ROERS COMPANIES mark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Roers Companies for which Roers Companies has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the ROERS COMPANIES mark and Roers Companies' products and services.

19

27.    Roers Management's use of the ROERS COMPANIES mark is without consent, permission, or license by Roers Companies.

28.    Roers Management is acting deliberately and willfully in an attempt to trade upon the goodwill associated with the ROERS COMPANIES mark.

29.    Roers Companies is entitled to injunctive relief, and Roers Companies is also entitled to recover at least Roers Management's profits, Roers Companies' actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT II
## CANCELLATION OF TRADEMARK APPLICATION
### 15 U.S.C. §§ 1119, 1120

30.    The forgoing allegations in paragraphs 1 through 29 are incorporated herein and alleged as if fully set forth in this claim to refuse registration of trademark application pursuant to 15 U.S.C. §§ 1119, 1120.

31.    Roers Management's acts are likely to cause confusion with Roers Companies' superior rights and is likely to deceive customers or potential customers of the origin of the goods and services.

32.    On June 19, 2019, Roers Management filed a trademark application—Serial No. 88/480,190—to register the ROERS surname as a standard character mark in connection with "Real estate sales management," in Class 35, "Real estate agency services; Real estate listing; Real estate management services; Real estate procurement for others; Real estate services, namely, property management services for condominium associations, homeowner associations and apartment buildings; Real estate services, namely, rental, brokerage, leasing and management of commercial property offices and office space," in Class 36, and "Construction services, namely,

20

planning, laying out and construction of residential and commercial communities; Construction supervision; Land development services, namely, planning and laying out of commercial buildings; Building construction," in Class 37. A true and correct copy of Roers Management's application is attached as **Exhibit A**.

33.     On September 18, 2019, the Examining Attorney reviewing Roers Management's application issued an Office Action refusing the Application under Section 2(e)(4) of the Trademark Act on the basis that ROERS is primarily merely a surname. A true and correct copy of the September 18, 2019 Office Action is attached as **Exhibit B**.

34.     On March 11, 2020, Roers Management filed a response to the Office Action in which Roers Management claimed that the ROERS mark was distinctive of its services. A true and correct copy of Roers Management's reply to the Office Action and supporting declaration is attached as **Exhibit C**.

35.     The signatory of Roers Management's  response to the Office Action, Roers Management's General Counsel, was "warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom." *See* **Exhibit C (highlighted)**.  Roers Management's General Counsel attested that "all statements" in "the submission based on the signatory's own knowledge are true, and all statements in the application or AOU and this submission made on information and belief are believed to be true." *See* **Exhibit C (highlighted)**.

36.     The signatory of Roers Management's response to the Office Action, Roers Management's General Counsel, submitted Roers Management's response to the Office Action and attested, "[t]o the best of [her] knowledge and belief, no other persons, except, if applicable,

authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive." *See* **Exhibit C (highlighted)**. This was a willful false statement.

37.     Despite actual and longstanding knowledge of Roers Companies' use of ROERS COMPANIES and the same ROERS mark in connection with its products and services, Roers Management's General Counsel submitted a declaration under penalty of perjury on behalf of Roers Management, declaring that the applied-for ROERS mark "has become distinctive of the goods/services through the [Roers Management's] substantially exclusive and continuous use of the mark in commerce." *See* **Exhibit C (highlighted)**. This was a willful false statement.

38.     In response to and reliance upon Roers Management's representations of substantially exclusive and continuous use, the Examining Attorney allowed publication of the application for opposition.

39.     On May 5, 2020, Roers Companies filed a notice of opposition to Roers Management's trademark application.

40.     Contrary to Roers Management's statements made to the USPTO, its use of ROERS in connection with its services, including real estate-related services, is not substantially exclusive.

41.     Given Roers Companies' long standing use of ROERS for the same or similar services throughout the Midwest, the mark ROERS has not been used exclusively (substantially or otherwise) by Roers Management and the mark has not acquired distinctiveness for its services.

42.     Roers Companies has superior rights. Kent and Brian Roers have long used ROERS and ROERS COMPANIES marks in connection with, *inter alia,* real estate-related services.

22

43.     Pursuant to 15 U.S.C. §§ 1119, 1120, Roers Companies requests that the Court prevent registration of U.S. Trademark Application Serial No. 88/480,190 filed by Roers Management for the ROERS mark. Roers Management's application was submitted in bad faith and in violation of 15 U.S.C. § 1051(a)(3)(D) and 37 C.F.R. § 2.33(b)(1). At the time of its application, Roers Management knew of Roers Companies' longstanding use of the ROERS and ROERS COMPANIES marks in connection with real estate related services throughout the Midwest and either believed that a likelihood of confusion would result or had no reasonable basis for believing otherwise. In failing to disclose these facts to the Examining Attorney, Roers Management intended to procure a registration to which it was not entitled.

44.     Roers Companies also requests that the Court prevent registration of U.S. Trademark Application Serial No. 88/480,190 filed by Roers Management for the ROERS mark on the grounds that Roers Management has not and cannot establish evidence of its long and exclusive use of ROERS such that its significance to the public has changed from that of a surname to that of a mark for Roers Management's products or services. Roers Management's application was flagged by the USPTO in an Office Action refusing the Application 15 U.S.C. § 1052(e)(4) on the basis that ROERS is primarily merely a surname. *See* **Exhibit B**. The ROERS mark, as applied for by Roers Management, has not acquired distinctiveness under 15 U.S.C. § 1052(f). Roers Management has not shown and cannot show the requisite secondary meaning in this mark to warrant registration.

45.     Pursuant to 15 U.S.C. §§ 1119, 1120, Roers Companies requests that the Court prevent registration of U.S. Trademark Application Serial No. 88/480,190 filed by Roers Management for the ROERS mark.

23

## **PRAYER FOR RELIEF**

WHEREFORE, Roers Companies request that the court enter an order and judgment against Roers Management:

1. Enter judgement against Roers Management and in favor of Roers Companies on all claims;

2. Enter judgment in favor of Roers Companies on its counterclaims against Roers Management in an amount to be proven at trial;

3. Direct that U.S. Trademark Application Serial No. 88/480,190 be refused registration;

4. Preliminarily and permanently enjoin Roers Management and its directors, officers, affiliates, and agents from using the ROERS COMPANIES mark, and any other confusingly similar mark;

5. Require that Roers Management deliver to Roers Companies any and all advertising or promotional materials which in any way violate Roers Companies' rights under the Lanham Act and file with the Court an affidavit detailing the manner in which it has complied with the Court's order;

6. Award Roers Companies its attorneys' fees and costs incurred in this action; and

7. Grant any other relief the Court deems just and equitable.

## **TRIAL BY JURY**

Roers Companies hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: February 9, 2020                 **Robins Kaplan LLP**

                                        _/s/ William E. Manske_

                                        Ronald J. Schutz *(MN Bar No. 0130849)
                                        William E. Manske* (MN Bar No. 0392348)
                                        George B. Ashenmacher* (MN Bar. No. 397368)
                                        Taylor Y. Moore-Willis* (MN Bar. No. 0399350)
                                        Robins Kaplan LLP
                                        800 LaSalle Avenue, Suite 2800
                                        Minneapolis, MN 55402
                                        RSchutz@ RobinsKaplan.com
                                        WManske@RobinsKaplan.com
                                        GAshenmacher@RobinsKaplan.com
                                        TMooreWillis@RobinsKaplan.com
                                        Telephone: (612) 349-0116
                                        Facsimile: (612) 339-4181

                                        Timothy Q. Purdon (ND Bar No. 05392)
                                        Robins Kaplan LLP
                                        1207 West Divide Avenue, Suite 200
                                        Bismarck, ND 58503
                                        TPurdon@RobinsKaplan.com
                                        Telephone: (612) 349-0116
                                        Facsimile: (612) 339-4181

                                        *_Admitted pro hac vice_

                                        _Attorneys for Defendants_

25